IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PEGGY HANNEMAN,

    Plaintiff,

vs.                                                  CASE NO.5:10cv115/RS-EMT

GUARANTEE TRUST LIFE INSURANCE
COMPANY,
    Defendant/Counter-Plaintiff/
    Third Party Plaintiff

vs.

NANCY GALLADORA, ERIC BECHNER,
JASON BECHNER, and TRISHA EHLERT
    Third Party Defendants.
_____/

## ORDER

Before me is Defendant's Motion to Dismiss Count II of the Complaint (Doc. 6).

## I. STANDARD OF REVIEW

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King &*

*Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. BACKGROUND

Plaintiff Peggy Hanneman is the named beneficiary of a life insurance policy issued by Defendant Guarantee Trust Life Insurance Company to decedent Kilan L. Hochstetler. After the decedent's death, Defendant failed to pay Plaintiff's death benefits claim. Plaintiff has now brought claims against Defendant for breach of insurance contract and bad faith. Defendant seeks dismissal of the bad faith claim.

## III. ANALYSIS

As a condition precedent to bringing a claim of bad faith against an insurer, Florida Statute § 624.155 requires a plaintiff to provide 60 days' written notice of the violation. There is no dispute in this case that Plaintiff did not provide Defendant with the 60 days notice required by § 624.155. However, Plaintiff argues that she is bringing a third party common-law bad faith claim, and therefore the 60 days notice requirement in § 624.155 is inapplicable.

Third-party bad faith actions arose in Florida "in response to the argument that there was a practice in the insurance industry of rejecting without sufficient investigation or consideration claims presented by third parties against an insured, thereby exposing the insured individual to judgment exceeding the coverage limits of the policy while the insurer remained protected by a policy limit." *Allstate Indem. Co. v. Ruiz*, 899 So.32d 1121, 1125 (Fla. 2005). The Florida courts determined that insurers owed the insured a duty of good faith and fair dealing in handling third-party claims. *Id.*

On the other hand, historically the Florida courts did not recognize a corresponding common law first-party action that would protect insured individuals and enable them to seek redress of harm against their insurers for the wrongful denial of their own first-party claims. *Id.* However, with the enactment of § 624.155 in 1982, the Florida legislature resolved this inequity and created a statutory first-party bad faith cause of action for first-party insureds. *Id.* at 1126. Thus, Florida Statute § 624.155 "does nothing more than extend the common law remedy of third parties to insurance contracts to first parties." *Pastor v. Union Central Life Ins. Co.*, 184 F.Supp. 2d 1301, 1306 (S.D. Fla. 2002), aff'd, 128 Fed. Appx. 100 (11th Cir. 2005).

Plaintiff is not a third party asserting a claim against the insured, Kilan Hochstetler. She is not the type of third-party beneficiary contemplated under the

common law of third-party bad faith claims. Plaintiff's claim is properly treated as a first-party bad faith claim subject to the requirements of § 624.155. *See JMIC Life Ins. Co. v. Henry*, 922 So.2d 998, 1000 (Fla. 5th DCA 2005)(Life insurance policy beneficiary brought first-party bad faith claim); *Manhattan Nat. Life Ins. Co. v. Kujawa*, 522 So.2d 1078, 1079 (Fla. 4th DCA 1988)(Life insurance policy beneficiary brought first-party bad faith claim under Fla. Stat. § 624.155). As a prerequisite to bringing a claim, § 624.155 unequivocally requires Plaintiff have given Defendant 60 days written notice. It is undisputed that Plaintiff has failed to do so.[1] Therefore, Plaintiff's bad faith claim fails as a matter of law.

**IT IS ORDERED** that Count II of the complaint is dismissed.

**ORDERED** on August 5, 2010.

                                               **/s/ Richard Smoak**
                                               **RICHARD SMOAK**
                                               **UNITED STATES DISTRICT JUDGE**

---

[1] A complaint alleging bad faith does not constitute notice under the statute. Notice must be provided by a specific form obtained from the Department of Financial Services. Fla. Stat. § 624.155(2)(b), § 624.05(1).